**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CEMONE ANTENETTE BYNUM

        Plaintiff,

v.

DISTRICT OF COLUMBIA

        Defendant.

Civil Action No. 16-1904 (EGS)

**MEMORANDUM OPINION**

Plaintiff Cemone Antenette Bynum ("Ms. Bynum"), an African-American woman and employee of the District of Columbia's Department of Behavioral Health ("DBH"), brings this lawsuit against the District of Columbia (the "District") under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq*., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*., alleging the following claims: Denial of Reasonable Accommodations in violation of the ADA (Count I); Retaliation in violation of Title VII (Counts II and III); and Hostile Work Environment in violation of Title VII (Count IV).

Pending before the Court are the parties' Cross-motions for Summary Judgment. *See* Def.' Mot. for Summ. J., ECF No. 43; Pl.'s Mot. for Summ. J., ECF No. 50. Magistrate Judge Merriweather issued a Report and Recommendation recommending that this Court

1

grant the District's Motion for Summary Judgment as to Counts I, II, and III, and deny the District's Motion for Summary Judgment as to Count IV. *See* R. & R., ECF No. 55 at 38.[1] The R. & R. also recommends that this Court deny Ms. Bynum's Motion for Summary Judgment on each of her claims. *Id.*

Each party raises objections to the recommendations. Ms. Bynum asks this Court to decline to adopt the recommendation that the Court grant summary judgment to the District on Counts I, II, and III and instead grant it to her. Pl.'s Objs. to R. & R., ECF No. 57 at 1. She also asks this Court to grant summary judgment to her on Count IV. *Id.* at 12-14. The District asks this Court to decline to adopt the recommendation that it deny the District's Motion for Summary Judgment as to Count IV. *See* Def.'s Partial Objs. to R. &. R., ECF No. 56 at 1.

Upon careful consideration of the R. & R., the District and Ms. Bynum's objections, the District's and Ms. Bynum's responses, the record, the relevant law, and for the reasons explained below, the Court **ADOPTS** the R. & R. as to the recommendations for Counts I, II, and III, and **ADOPTS IN PART** and **REJECTS IN PART** the recommendation as to Count IV. Accordingly, the Court **GRANTS** the District's Motion for Summary

---

[1] Except for cites to deposition transcripts, where the cite is to the original page number, when citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

Judgment, ECF No. 43; and **DENIES** Ms. Bynum's Motion for Summary

Judgment, ECF No. 50.

## I.    Background

### A. Factual Background

The undisputed facts in the R. & R are set forth below. *See*

R. & R., ECF No. 55 at 2-5.[2] Neither party has objected to the R.

& R.'s articulation of the undisputed facts. *See generally* Dkt.

for Civil Action No. 16-1904.

Ms. Bynum is an African American woman who is employed by

DBH. *See* Pl. SMF Resp., ECF No. 45-1 ¶ 1. She suffers from Major

Depression Disorder, Anxiety Disorder, and Post-Traumatic Stress

Disorder. *Id*. ¶ 4. Around March 28 or 29, 2016 Ms. Bynum filed a

request for reasonable accommodations under the ADA to address

her mental health disorders.[3] *See* Pl. SMF Resp., ECF No. 45-1 ¶

19; Pl. Opp'n Ex. 14, Mar. 28, 2016 Employee Request for

Reasonable Accommodation ("March 2016 Accommodation Request")

ECF No. 45-14 (signed by Plaintiff on March 29 and ADA

---

[2]  For reasons of judicial economy, the facts are provided
verbatim from the R. &. R., except that the ECF document number
has been inserted for each cite to the record.

[3] The document itself was signed by Ms. Bynum's supervisor on
March 28, 2016, was signed by Ms. Bynum on March 29, 2016, and
the "Date of Employee's Request" item reads March 28, 2016. *See*
March 2016 Accommodation Request. Regardless, the parties seem
to agree that this request was submitted before the Incident and
was entirely unrelated to Mr. Billett. *See* March 2016
Accommodation Request; Pl. Opp'n at 4 (the request was made
"[o]n or about March 28, 2016), 29 (the request was made "on or
about March 29, 2016").

Coordinator March 28). She requested two accommodations: the first was to address the noise level at her cubicle due to proximity to a conference room; she also asked for a mirror so that she could see people approaching her cubicle from behind. *See* March 2016 Accommodation Request.

On March 29, 2016, Ms. Bynum attended a meeting at DBH with several co-workers, including Colin Billett ("Mr. Billett") and Mr. Billett's supervisor Dr. Denise Wright ("Dr. Wright"). *See* Pl. SMF Resp., ECF No. 45-1 ¶¶ 5, 11. The District states that Mr. Billett identifies as "Black" and Ms. Bynum describes him as "from another country; France or something," and "medium complexion." Def. SMF Resp., ECF No. 51-1 ¶ 58; Pl. Opp'n Ex. 4, Deposition of Cemone Bynum ("Bynum Dep.") at 119:10-120:4, ECF No. 45-4. On March 29, 2016, a dispute arose between Mr. Billett and Ms. Bynum during a team meeting, and Mr. Billett stood up and verbally assaulted Ms. Bynum (the "Incident"). *See* Pl. SMF Resp., ECF No. 45-1 ¶ 6, 8; Def. SMF Reply, ECF No. 47-1 ¶ 51 (no dispute to Plaintiff's characterization).

During the meeting, Ms. Bynum made statements that could be perceived as criticizing Mr. Billett's interactions with vendors. *See* Def. SMF, ECF No. 43-1 ¶¶ 6-7; Pl. SMF Resp., ECF No. 45-1 ¶¶ 6-7; Pl. MSJ at 4. She allegedly said "[w]e should have further training on the vendors completing their invoices, because they were getting conflicting information from Mr.

4

Bill[ett]…." Bynum Dep. at 114:14-20. She then told Mr. Billett that "there was a[n] invoice that he completed for the vendor and he also signed it" and that it "was against the policy." *Id.* at 114:17–115:8. Ms. Bynum then left the room to get the invoices for Dr. Wright to review. *Id.* at 115:17-19, 116:3-4. Ms. Bynum alleges that when she returned, Mr. Billett seemed agitated and responded saying, "What do you think, I'm incompetent; you think I can't do the job?" *Id.* at 116:1, 6-8. Ms. Bynum contends that Mr. Billett then "jumped out of his chair," called her "immature" and "childish" and said she should "go back to the South where you came from." *Id.* at 116:14-20; Def. SMF ¶ 8; Pl. SMF Resp., ECF No. 45-1 ¶ 8. Ms. Bynum asserts that Mr. Billett shouted these remarks and that his behavior was threatening. *See* Pl. SMF Resp., ECF No. 45-1¶ 8. At some point during the Incident, Dr. Wright stood up and put her arms out in an attempt to deescalate the conflict, but took no further action, and someone else came into the room and removed Mr. Billett. *See* Pl. SMF Resp., ECF No. 45-1 ¶ 11.

After the Incident, Ms. Bynum filed an incident report describing the events. *See* Pl. SMF Resp., ECF No. 45-1 ¶ 33; Pl. Opp'n Ex. 8, Apr. 5, 2016 Major and Unusual Incident Report Form("Incident Report"), ECF No. 45-8. Mr. Billett immediately sent Ms. Bynum an apology letter. *See* Pl. SMF Resp., ECF No. 45-1 ¶¶ 9; Pl. Opp'n Ex. 16 at *7, ECF No. 45-16 (Mar. 29, 2016

Email from Colin Billett to Cemone Bynum). Ms. Bynum's workspace was then moved; she no longer worked with Mr. Billett, nor did she ever speak with him again, but he would occasionally walk by her relocated workspace. *See* Pl. SMF Resp., ECF No. 45-1 ¶¶ 14-17; Bynum Dep. 136:10-12.

On May 12, 2016, DBH issued Ms. Bynum a letter concerning her conduct related to the Incident. *See* Pl. SMF Resp., ECF No. 45-1 ¶¶ 18, 76; Pl. Opp'n Ex. 7, May 9, 2016 Letter from DBH to Ms. Bynum ("Letter of Warning"), ECF No. 45-7. The letter stated that Ms. Bynum's conduct at the meeting failed to comply with the professional standards of conduct required of District employees. *See* Def. SMF Reply, ECF No. 47-1 ¶ 78; Letter of Warning at 1. The letter also stated that Ms. Bynum violated DBH's violence prevention and response policy, and charged Ms. Bynum with creating a hostile work environment. *Id.* ¶¶ 79-80; Letter of Warning at 1. Further, the letter stated that an investigation revealed that Ms. Bynum was at least partially at fault for Mr. Billett's conduct. Letter of Warning at 1. The Letter noted that Dr. Wright would keep the letter for not more than three years and that it would be used against Ms. Bynum if any further incidents occurred. *Id.* ¶¶ 84-85; Letter of Warning at 2. DBH gave Ms. Bynum two days to respond to the letter, and the letter informed her that failure to adhere to it could

6

result in disciplinary action. *Id.* ¶¶ 87-88; Letter of Warning at 2.

The following month, Ms. Bynum filed a discrimination complaint with OHR, in which she described the Incident. *See* Pl. SMF Resp., ECF No. 45-1 ¶ 21; Def. MSJ Ex. C, June 17, 2016 OHR Charge of Discrimination ("June 2016 OHR Complaint"), ECF No. 43-2 at *33. She then submitted another ADA request for reasonable accommodations. *See* Pl. SMF Resp., ECF No. 45-1 ¶ 23; Pl. Opp'n Ex. 12, June 30, 2016 Employee Request for Reasonable Accommodation ("June 2016 Accommodation Request") at 1, ECF No. 45-12. Ms. Bynum requested that the District conduct an interactive process, including negotiations and communications with Ms. Bynum's supervisor, to determine what accommodations would be appropriate. *See* Pl. SMF Resp., ECF No. 45-1 ¶ 24.

### B. Procedural Background

Pursuant to Local Civil Rule 72.2, the case was referred to Magistrate Judge Merriweather, up to but excluding trial, for full case management, including the preparation of an R. & R. with respect to any potentially dispositive motions. *See* Minute Order (Aug. 8, 2017). Following the resolution of the District's Motion to Dismiss, ECF No. 15, and the completion of discovery, the District filed its Motion for Summary Judgment on November 11, 2021. *See* Def.'s Mot. for Summ. J. (Def.'s MSJ). ECF No. 43. Ms. Bynum filed her opposition on December 20, 2021, *see* ECF No.

7

45; and the District filed its reply on February 4, 2022, *see* ECF No. 47. Thereafter, Ms. Bynum filed her Motion for Summary Judgment on August 5, 2022. *See* Pl.'s Mot. for Summ. J. (Pl.'s MSJ), ECF No. 50. The District filed its opposition on August 26, 2022, *see* ECF No. 51; and Ms. Bynum filed her reply on September 16, 2022, *see* ECF No. 52. Ms. Bynum and the District each contend that the undisputed facts entitle them to summary judgment on each of Ms. Bynum's claims.

Magistrate Judge Merriweather issued the R. & R. on April 25, 2024. *See* R. & R., ECF No. 55. Each party filed objections to the R. & R., *see* Def.'s Partial Objs. to R. &. R., ECF No. 56; Pl.'s Objs. to R. & R., ECF No. 57; and responses to the objections, *see* Def.'s Response, ECF No. 59; Pl.'s Reply, ECF No. 60. The parties' respective objections to the R. & R. are now ripe and ready for adjudication.

## II. Standard of Review

### A. Objections to a Magistrate Judge's R. & R.

Pursuant to Federal Rule of Civil Procedure 72(b), a party may file specific written objections once a magistrate judge has entered a recommended disposition. FED. R. CIV. P. 72(b)(1)-(2). A district court "may accept, reject or modify the recommended disposition." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations

8

made by the magistrate judge."). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R & R] only for clear error." *Houlahan v. Brown*, 979 F. Supp. 2d 86, 88 (D.D.C. 2013) (citation omitted).

Objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for objection." LCvR 72.3(b). "[O]bjections which merely rehash an argument presented to and considered by the magistrate judge are not 'properly objected to' and are therefore not entitled to de novo review." *Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013) (quoting *Morgan v. Astrue*, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009)).

### B. Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one that could "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party bears the burden

9

of "informing the district court of the basis for its motion" as well as "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted); *see also* FED. R. CIV. P. 56(c)(1)(A).

To defeat summary judgment, the nonmoving party must "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue [of material fact] for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). In evaluating a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. However, the nonmoving party's opposition "must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence" in the record. *Musgrove v. District of Columbia*, 775 F. Supp. 2d 158, 164 (D.D.C. 2011); *see also Celotex Corp.*, 477 U.S. at 324. If the evidence favoring the nonmoving party is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

## III. Analysis[4]

### A. The District Reasonably Accommodated Ms. Bynum's Accommodation Requests

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability," 42 U.S.C. §12112(a); and requires employers to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability," *id.* § 12112(b)(5)(A). To establish a valid failure-to-accommodate claim, "a plaintiff must establish by a preponderance of the evidence that '(1) she was a qualified individual with a disability, (2) the [employer] had notice of her disability and (3) the [employer] denied her request for a reasonable accommodation.'" *Waggel v. George Washington Univ.*, 957 F.3d 1364, 1371 (D.C. Cir. 2020) (quoting *Ward v. McDonald*, 762 F.3d 24, 31 (D.C. Cir. 2014)). An "'employer need only provide some reasonable accommodation,' not the accommodation that the employee requests or prefers." *Carter v. Nelson*, No. 20-5111, 2021 WL 6139250, at *1 (D.C. Cir. Dec. 27, 2021) (quoting *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1305 (D.C. Cir. 1998) (en banc)). The District concedes that Ms. Bynum has a disability of which it was on notice; the parties' dispute is whether the

---

[4] The Court does not discuss the parts of Magistrate Judge Merriweather's R. & R. to which no objection is raised.

District reasonably accommodated Ms. Bynum's requests. *See* R. & R., ECF No. 55 at 8.

Magistrate Judge Merriweather found that Ms. Bynum made two formal requests for reasonable accommodations under the ADA, one in March 2016 and another on June 30, 2016, that the District reasonably accommodated these requests, and therefore recommends summary judgment be granted to the District on this claim. *See* R. & R., ECF No. 55 at 8-13. Ms. Bynum objects to this recommendation and asks that the Court instead grant summary judgment to her on this claim. *See* Pl.'s Objs. to R. & R., ECF No. 57 at 8-9.

### 1. Requests for Accommodation

Ms. Bynum objects to Magistrate Judge Merriweather's finding that she submitted only two requests for accommodation, and contends that she also made a request for accommodation in an April 20, 2016 email in which she requested that she be "relocated to another unit that best fit my skills and qualification." Pl.'s Objs. to R. & R., ECF No. 57 at 8; Pl. Opp'n Ex. 15 at *2, ECF No. 45-15 (April 20, 2016 Email from Cemone Bynum to Mary Campbell). Magistrate Judge Merriweather found that this email did not constitute a request for accommodation because "Ms. Bynum has not presented evidence indicating that her need was 'so apparent' that the District was required to offer her accommodation at that time, nor does she

12

'claim that she lacked the capacity to make a request for accommodation of a disability.'" R. &. R., ECF No. 55 at 9-10 (quoting *Waggel*, 2018 WL 5886653, at \*6, and *Chenari v. George Washington Univ.*, 847 F.3d 740, 748 (D.C. Cir. 2017). However, Magistrate Judge Merriweather also found that even if the April 20, 2016 email was construed as a request for accommodation, "the District's ultimate response offered a reasonable and timely accommodation to those requests." R. & R., ECF No. 55 at 12 n.6.

The Court rejects Ms. Bynum's argument that Magistrate Judge Merriweather's reliance on *Chenari* in making the determination that the April 20, 2106 was not a request for accommodation was faulty. Ms. Bynum argues that it was faulty because in *Chenari*, the plaintiff conceded that he had not requested an accommodation. *See* Pl.'s Objs. to R. & R., ECF No. 57 at 8. However, Magistrate Judge Merriweather cites *Chenari* for the legal standard applicable to whether a need for an accommodation reaches the level of obviousness such that a formal request is unnecessary, *see* R. & R., ECF No. 55 at 8-9; she did not rely on it by analogy in determining that Ms. Bynum's April 20, 2016 email was not a formal request, nor could she have, since the plaintiff in *Chenari* conceded that he had not requested an accommodation, *see id*.

Ms. Bynum also states generally that Magistrate Judge Merriweather "engages in fact-finding and analysis that is the province of the jury" to arrive at her conclusion about the sufficiency of Ms. Bynum's April request. Pl.'s Objs. to R. & R., ECF No. 57 at 8. This kind of "conclusory or general objection" is reviewed for clear error, *Borushevskyi v. United States Citizenship & Immigr. Servs.*, 664 F. Supp. 3d 117, 125 (D.D.C. 2023), aff'd, No. 23-5116, 2024 WL 2762146 (D.C. Cir. May 30, 2024). Magistrate Judge Merriweather did not engage in fact-finding; rather she pointed out that Ms. Bynum had provided no evidence that would support a determination that her need was so apparent that the District was required to offer her an accommodation.

Finally, Ms. Bynum argues that Magistrate Judge Merriweather did not consider Ms. Bynum's March 2016 request for accommodation in deciding whether her April 20, 2016 email constituted an accommodation request. *See* Pl.'s Objs. to R. & R., ECF No. 57 at 9. However, Ms. Bynum does not explain why Magistrate Judge Merriweather should have considered the April 20, 2016 email as supplementing the March 2016 request for accommodation. In the latter, "Ms. Bynum referenced her PTSD, anxiety, and depression and asked for accommodations to address the noise level at her cubicle due to proximity to a conference room and requested a mirror so that she could see people

14

approaching her cubicle from behind." R. & R., ECF No. 55 at 8. In the former, she requested "relocated to another unit that best fit my skills and qualification." Pl. Opp'n Ex. 15 at *2, ECF No. 45-15 (April 20, 2016 Email from Cemone Bynum to Mary Campbell). Ms. Bynum points to no evidence or legal authority supporting her assertion that Magistrate Judge Merriweather should have considered the April 20, 2016 email as supplementing the March 2016.

For all these reasons, the Court concludes that Magistrate Judge Merriweather's analysis of whether the April 20, 2016 email constituted a request for accommodation was not "clearly erroneous or contrary to law." LCvR 72.2(b).

### 1. Reasonable Accommodation of Request

The accommodations requested in the June 2016 request were: (1) job transfer to possibly another building; (2) noise level— she is between two conference rooms and still uses a headset; and (3) schedule change. *See* June 2016 Accommodation Request, ECF No. 45-12 at 1. Magistrate Judge Merriweather found that Ms. Bynum failed to show that the District did not provide a reasonable accommodation in response to this request. *See* R. & R., ECF No. 55 at 12-13.

In her objections to this finding, Ms. Bynum repeats arguments that she previously made in her Motion for Summary Judgment that were addressed in the R. & R., specifically that

15

the District did not place her in a separate building or on a different floor. *See* Pl.'s Mot. Summ. J., ECF No. 50 at 18-19. Ms. Bynum also points to the fact that Mr. Billett continued to walk by her workspace until mid-September 2016, and generally states that "[j]ustice delayed is justice denied." Pl.'s Objs. to R. & R., ECF No. 57 at 9. That Mr. Billett continued to walk past her workspace was similarly stated throughout Ms. Bynum's summary judgment briefing and was addressed in the R. & R. *See* Pl.'s Mot. Summ. J., ECF no. 50 at 7, 18-19.

Ms. Bynum asserts that she should have been moved "to an area, a floor or a building where she did not have to interact with [Mr.] Billet[t]" and that the District was required to offer evidence that moving her to another area or site away from Mr. Billett was an undue hardship. Pl.'s Objs. to R. & R., ECF No. 57 at 9. However, "[a]n employer is not required to provide an employee that accommodation he requests or prefers, the employer need only provide some reasonable accommodation." *Aka*, 156 F.3d at 1305. And because Ms. Bynum has not shown that the District did not provide reasonable accommodations, the District does not need to demonstrate that providing further accommodations would have caused an undue burden. *Stewart v. White*, 118 F. Supp. 3d 321, 325 (D.D.C. 2015), *aff'd*, No. 15-cv-05288, 2016 WL 1695343 (D.C. Cir. 2016).

16

Magistrate Judge Merriweather found that the District's accommodations were reasonable because: (1) Ms. Bynum's workspace was moved away from Mr. Billett; (2) she was located to another floor; (3) she did not work with him after the incident; (4) he did not try to speak with her again; and (5) Mr. Billett ceased approaching her work station after mid-September 2016. *See* R. &. R. ECF No. 55 at 11.

For all these reasons, the Court concludes that Magistrate Judge Merriweather's analysis of whether the District reasonably accommodated Ms. Bynum's June 2016 accommodation request was not "clearly erroneous or contrary to law." LCvR 72.2(b). Accordingly, the Court **REJECTS** Ms. Bynum's objections, and **ADOPTS** this portion of the R. & R. The Court **GRANTS** the District's Motion for Summary Judgment on Count I and **DENIES** Ms. Bynum's Motion for Summary Judgment on Count I.

### B. Ms. Bynum Has Not Presented Sufficient Evidence From Which a Jury Could Reasonably Infer a Retaliatory Motive, Causation, or Pretext

Title VII "both prohibits employers from engaging in employment practices that discriminate on the basis of race, *see* 42 U.S.C. § 2000e-2(a), and bars them from retaliating against an employee 'because [she] has opposed any [such] practice,' *id.* § 2000e-3(a)." *Harris v. D.C. Water & Sewer Auth.,* 791 F.3d 65, 68 (D.C. Cir. 2015) (citation omitted). "To establish a prima facie case of retaliation, a plaintiff must show (1) that [she]

17

engaged in statutorily protected activity; (2) that [she] suffered a materially adverse action by [her] employer; and (3) that a causal link connects the two." *Cruz v. McAleenan,* 931 F.3d 1186, 1193-94 (D.C. Cir. 2019) (citation and internal quotation marks omitted).

Magistrate Judge Merriweather found that while a reasonable juror could find that Ms. Bynum engaged in protected activity and suffered materially adverse action, the facts in the record failed to establish retaliatory motive, causation, or pretext. *See* R. & R., ECF No. 55 at 14-27. Ms. Bynum objects to Magistrate Judge Merriweather's conclusion that Ms. Bynum failed to establish a retaliatory motive, causation, or pretext, and contends that she is entitled to summary judgment on Counts II and III. *See* Pl.'s Objs. to R. & R., ECF No. 57 at 9-12.

### 1. Letter of Reprimand

First, Ms. Bynum argues that the Letter of Reprimand failed to state the basis for issuing the letter and that it was issued for a "secret reason." Pl.'s Objs. to R. & R., ECF No. 57 at 10. This repeats arguments Ms. Bynum made in her summary judgment briefing, where she argued that the Defendant was "unable to articulate a viable basis for the reprimand," Pl.'s Mot. for Summ. J., ECF no. 50 at 26. Magistrate Judge Merriweather addressed the District's proffered basis for the letter, stating that the letter "explains that Ms. Bynum filed a report of an

18

'Unusual Incident,' that an investigation ensued, and that the investigation report concluded that Mr. Billett's conduct was 'unprofessional and aggressive' and that 'his actions, while not excusable, were provoked by [Ms. Bynum].'" R. & R., ECF No. 55 at 23. Magistrate Judge Merriweather concluded that the District's basis would not allow a jury to conclude that "the District's proffered explanation is false and the letter served an invidious purpose." *Id.* The Court concludes that Magistrate Judge Merriweather's analysis of the District's proffered reason for the Letter of Reprimand was not "clearly erroneous or contrary to law." LCvR 72.2(b).

Ms. Bynum also states that the District's failure to present facts that it disciplined Mr. Billett in addition to her "deviated from its standard of fair dealing with employees in meting out discipline." Pl.'s Objs. to R. & R., ECF No. 57 at 10. As the District correctly points out in its Reply, Ms. Bynum raises the issue of whether the District deviated from a standard disciplinary practice for the first time in her objections to the R. & R., and thus the Court does not consider them. *See* Def.'s Resp. to Pl.'s Objs., ECF No. 59 at 7; *see Taylor v. D.C.,* 205 F. Supp. 3d 75, 90 (D.D.C. 2016) (explaining that "failure to present an argument to the Magistrate Judge constitutes a waiver of that argument").

19

### 2. Denial of Transfer

Magistrate Judge Merriweather found that Ms. Bynum did not put forth facts sufficient to establish a causal connection between her protected activity and the District's decision not to transfer her to a different program area. *See* R. & R., ECF No. 55 at 25-26.

Ms. Bynum objects, stating first that Magistrate Judge Merriweather failed to account for the fact that Mr. Billett continued to walk by her workspace on occasion. *See* Pl.'s Objs. to R. & R., ECF No. 57 at 10-11. Ms. Bynum raised this argument in her Motion for Summary Judgment, and Magistrate Judge Merriweather accounted for it in her conclusion that the undisputed facts that the "District moved Ms. Bynum's workspace, she no longer worked with Mr. Billett, and the District had communicated Ms. Bynum's concerns to Mr. Billett by mid-September," and that absent other circumstantial evidence of animus, this would not lead a reasonable juror to find a causal link between Ms. Bynum's protected activity and the denial. *See* R. & R., ECF No. 55 at 26. The Court concludes that Magistrate Judge Merriweather's analysis here was not "clearly erroneous or contrary to law." LCvR 72.2(b).

Finally, Ms. Bynum objects to Magistrate Judge Merriweather's findings related to Ms. Bynum's assertion that the District regularly reassigns employees who have conflicts

20

with one another. *See* R. & R., ECF No. 55 at 26; Pl.'s Objs. to

R. & R., ECF No. 57 at 10-11. Magistrate Judge Merriweather

found that Ms. Bynum's affidavit, in which she generally states

that the District has transferred employees in the past and thus

she was treated less favorably, but does not reference specific

instances of such a practice, is "insufficient to establish

pretext or create a genuine and material factual dispute." R. &

R., ECF No. 55 at 26. Ms. Bynum argues that this affidavit is

sufficient to preserve the issue of the District's reassignment

practice for trial. *See* Pl.'s Objs. to R. & R., ECF No. 57 at

12.

"Credibility determinations, the weighing of the evidence,

and the drawing of legitimate inferences from the facts are jury

functions," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255

(1986); and a "party asserting that a fact cannot be or is

genuinely disputed must support the assertion by citing to

particular parts of materials in the record," *see* FED. R. CIV. P.

56(c)(1)(A). However, when the only record support provided is

the plaintiff's own declaration containing generalized

statements, without "indication as to the basis of the

plaintiff's personal knowledge," it cannot alone support a

motion for summary judgment. *Lemmons v. Georgetown Univ. Hosp.,*

431 F. Supp. 2d 76, 90 (D.D.C. 2006); *see also Gordon v. Beers*,

972 F. Supp. 2d 28, 37 (D.D.C. 2013) ("[o]ne's subjective belief

alone is insufficient to establish a genuine issue of material fact as to whether discrimination motivated an employer's action."). Here, Ms. Bynum's cited declaration suffers from the same deficiencies.

For all these reasons, Court concludes that Magistrate Judge Merriweather's analysis of Ms. Bynum's retaliation claims was not "clearly erroneous or contrary to law." LCvR 72.2(b). Accordingly, the Court **REJECTS** Ms. Bynum's objections, and **ADOPTS** this portion of the R. & R. The Court **GRANTS** the District's Motion for Summary Judgment on Counts II and III and **DENIES** Ms. Bynum's Motion for Summary Judgment on Counts II and III.

### C. The District Is Entitled to Summary Judgment on Ms. Bynum's Hostile Work Environment Claim

Both parties moved for summary judgment on Ms. Bynum's hostile work environment claim. *See* R. &. R., ECF No. 55 at 37. Magistrate Judge Merriweather concluded that neither party could prevail on this issue as a matter of law. *Id.* Both parties object to this portion of the R. &. R. and each contend that they are entitled to summary judgment on the hostile work environment claim. *See* Def.'s Partial Objs. to R. &. R., ECF No. 56 at 4-7; Pl.'s Objs. to R. & R., ECF No. 57 at 12-13.

22

### 1. Legal Standard

To prevail on a hostile work environment claim, Ms. Bynum must show: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment occurred because of her protected status; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question but nonetheless failed to either take steps to prevent it or afford the plaintiff prompt remedial action. *See Gordon,* 972 F. Supp. 2d 28 at 36.

The Court must consider whether the employee was subjected to "'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Ayissi-Etoh v. Fannie Mae,* 712 F.3d 572, 577 (D.C. Cir. 2013) (quoting *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993) (quoting *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 65, 67 (1986)). In evaluating these claims, "the court looks to the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, its offensiveness, and whether it interferes with an employee's work performance." *Baloch v. Kempthorne,* 550 F.3d 1191, 1201 (D.C. Cir. 2008) (citing *Faragher v. City of Boca Raton,* 524 U.S. 775, 787-88 (1998)). In cases involving alleged harassment by a co-worker,

as opposed to supervisors, "the plaintiff must prove that the employer was at least negligent in not preventing or correcting the harassment." *Ayissi-Etoh*, 712 F.3d at 577.

### 2. The District's Objections

The District argues that "no reasonable juror could conclude that the District's response to Mr. Billett's one-time remark was unreasonable." ECF No. 56 at 7.

Magistrate Judge Merriweather rejected Ms. Bynum's argument that the District was negligent because the harassment allegedly continued after the Incident:

> Although Ms. Bynum characterizes Mr. Billett's behavior as "stalking," the underlying facts are less extreme than that label suggests. Mr. Billett walked past Ms. Bynum's desk to speak to her coworker about personal matters and did not speak to Ms. Bynum on those occasions. *See* Def. SMF, ECF No. 43-1 ¶ 17; Bynum Dep. at 137:14-16; Pl. SMF Resp., ECF No. 45-1 ¶ 17; Bynum Decl. ¶¶ 33-36. He did not stop at Ms. Bynum's desk during those visits or any time after the Incident. *See* Bynum Dep. at 135:14-20, 137:10-16. Ms. Bynum believed he was trying to intimidate her and that he had a smirk on his face when they made eye contact. *See* Bynum Dep. at 138:11-20. She perceived his behavior as a "taunt" that conveyed "I'm the winner, look at you, look at you, I could come and go as I please." Bynum Dep. at 140:16-20. These infrequent passing interactions are not severe enough to establish ongoing harassment after the Incident, and therefore do not establish that the District's response to the complaint was inadequate.

R. &. R., ECF No. 55 at 36. However, she found that neither party could prevail on this claim as a matter of law because on one hand,

> jurors could reasonably question the adequacy of the District's response. Specifically, the decision to reprimand Ms. Bynum for provoking Mr. Billett's conduct, paired with the absence of evidence that Mr. Billett was counseled or reprimanded for his own more extreme actions, could lead jurors to believe that the District punished the victim instead of appropriately addressing the alleged harassment. On the other hand, jurors could reasonably conclude that the District *did* respond appropriately, given that it moved Ms. Bynum's desk and the two no longer had occasion to speak to each other at work.

R. &. R., ECF No. 55 at 37.

The District argues that Magistrate Judge Merriweather's focus on the District's "decision to reprimand Plaintiff for provoking Mr. Billett's conduct, paired with the absence of evidence that Mr. Billett was counseled or reprimanded for his own actions, could lead jurors to believe the District punished the victim instead of addressing the alleged harassment" does not create a material dispute of fact for a jury to resolve. Def.'s Partial Objs. to R. &. R., ECF No. 56 at 4.

In response, Ms. Bynum asserts that the District's response to the Incident was not reasonable because: (1) the Incident occurred in the presence of their supervisor, who took no steps to stop it; (2) when she returned to work on May 9, 2016, Mr.

Billett "continued to harass" her for six months; and (3) Ms. Bynum was punished because the Letter of Warning was issued to her but there is no evidence that any remedial action was taken against Mr. Billett.[5] Pl.'s Reply, ECF No. 60 at 5-7. Ms. Bynum provides no legal support for her broad and conclusory responses to the District's objections. *See id*.

Because "the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions." *Vance v. Ball State University*, 570 U.S. 421, 424 (2013). To establish negligence, Ms. Bynum's burden is to prove that the District "knew or should have known of the harassment and failed to implement prompt and appropriate corrective action." *Curry v. District of Columbia*, 195 F.3d 654, 660 (D.C. Cir. 1999); *see also Vance*, 570 U.S. at 424. "To assess whether an employer's response is adequate, courts should look to the amount of time that elapsed between the notice and remedial action, the [remedial] options available to the employer, … and whether or not the measures ended the

---

[5] Ms. Bynum also objects to the District referring to Mr. Billett as "Black." Pl.'s Reply, ECF No. 60 at 6-7. The District does not object to the R. & R.'s determination that Ms. Bynum's allegation that Mr. Billett told her to "go back to the South where she came from" can reasonably be understood to have a racial connotation that could support an inference of a race-based motive.  Accordingly, the Court does not address this objection.

26

harassment." *Johnson v. Shinseki*, 811 F. Supp. 2d 336, 350 (D.D.C. 2011) (citations omitted).

As an initial matter, there is no evidence that the District could have prevented the Incident from occurring. It is undisputed that Ms. Bynum and Mr. Billett had a good working relationship prior to the Incident and that Dr. Wright had never seen Mr. Billett act that way before. *See* Bynum Dep. Tr., ECF No. 45-4 at 120: 5-14; 118:8-10. The undisputed evidence shows that the District responded quickly and reasonably to the Incident. After the Incident, Ms. Bynum requested to be moved away from Mr. Billett, and her desk was moved around the corner. *See id*. at 107:20-108:1. She asked to be reassigned, and she no longer worked with him after the Incident. *See id*. 106:20-107:7. Ms. Bynum contends that it took the District "six" months to make Mr. Billett understand that he needed to avoid walking by her workspace. The undisputed facts are that the Incident occurred on March 29, 2016 and that following the Incident, Ms. Bynum was on leave for 28 days, returning to the office on May 9, 2016. *See* Bynum Decl., ECF No. 50-4 ¶ 31. When she returned to the office, Ms. Bynum complained to her supervisor about Mr. Billett coming near her workspace, and stated that after her third or fourth message, her supervisor emailed her on September 15, 2016 that "Colin Billett got the message." Bynum Dep. Tr., ECF No. 45-4 at 108:2-110:7; Email from Laura Heaven to Cemone

27

Bynum, ECF No. 45-18. Therefore, it was approximately four months after her return from leave that she received the email stating that "Colin Billett got the message." Ms. Bynum has provided no evidence of the dates she sent the messages to her supervisor about Mr. Billett walking by her workspace, and she has provided no legal authority to support her argument that four months is unreasonable. Although there is no evidence as to whether Mr. Billett was counseled or reprimanded her his actions, it is undisputed that the District succeeded in making him understand that he needed to avoid walking by Ms. Bynum's workspace as there is no evidence that he did so after September 15, 2016. Finally, there is no evidence that there was anything improper with the investigation of the Incident that lead to the Letter of Warning.

In view of the undisputed facts, no reasonable jury could conclude that the District "failed to implement prompt and appropriate corrective action." *Curry*, 195 F.3d at 660. Accordingly, the Court **REJECTS** this portion of the R. &. R. The Court **GRANTS** the District's Motion for Summary Judgment on Count IV.

### 3. Ms. Bynum's Objections

Ms. Bynum very briefly asserts that she is entitled to Summary Judgment on her hostile work environment claim because there is "no genuine issue of material fact on the creation of a

28

hostile work environment." Pl.'s Obj. to R. & R., ECF No. 57 at 12-13. Ms. Bynum asserts this is because the District: (1) provided no evidence to show that the "six (6) month delay in protecting [Ms. Bynum] was reasonable or fair"; (2) it provided no evidence to show that it was unable to protect her from close contact with Mr. Billett; and (3) it provided no evidence to show that it was an undue hardship to transfer Ms. Bynum to another area, floor or building. *Id.*

As explained above, Ms. Bynum's assertion that there was a six-month delay has no basis in the record. Ms. Bynum has provided no legal authority to support her assertion that a six month—or four month—delay is unreasonable. She has provided no legal authority to support her assertion that the District's burden is to show that it was unable to protect her from close contact with Mr. Billett. She has provided no legal authority to support her contention that for a hostile work environment claim, it is the District's burden to show that it was an "undue hardship" to transfer her to another area, floor, or building. Ms. Bynum has provided sparse and conclusory assertions, and no legal authority for her objections.

For all these reasons, the Court concludes that Magistrate Judge Merriweather's analysis of whether Ms. Bynum is entitled to summary judgment on her hostile work environment claim was not "clearly erroneous or contrary to law." LCvR 72.2(b).

Accordingly, the Court **ADOPTS** the portion of the R. &. R. as to the hostile work environment claim and **DENIES** Ms. Bynum's Motion for Summary Judgment on the hostile work environment claim.

## IV.   Conclusion

For the reasons explained above, the Court **ADOPTS** the R. & R. as to the recommendations for Counts I, II, and III, and **ADOPTS IN PART** and **REJECTS IN PART** the recommendations as to Count IV. The Court **GRANTS** the District's Motion for Summary Judgment, ECF No. 43; and **DENIES** Ms. Bynum's Motion for Summary Judgment, ECF No. 50.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan
            United States District Judge
            June 25, 2026**